Filed 7/28/25  P. v. Marshall CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK MARSHALL,<br><br>    Defendant and Appellant. | B340802<br>(Los Angeles County Super.<br>Ct. No. NA044251) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded with instructions.

California Appellate Project and Andrew F. Alire, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Derrick Marshall appeals from an order rejecting a joint recall and resentencing recommendation of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the Los Angeles County District Attorney under Penal Code section 1172.1.[1]  Marshall contends the superior court abused its discretion by ignoring the presumption favoring recall and resentencing that applies because the CDCR and the district attorney sponsored the resentencing request.  He also argues no evidence was presented that he poses an unreasonable risk of committing a super-strike offense, and thus there was insufficient evidence to rebut the presumption favoring recall and resentencing.  The People agree on both points.  We accept the People's concessions and remand for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2000, Marshall was released from state prison after serving a sentence for nine counts of second degree robbery.  Over the next six weeks, Marshall committed six robberies at fast food restaurants and a convenience store; some of the robberies involved him brandishing a gun, feigning having a weapon, or making threats to shoot the victim.

In October 2000, a jury convicted Marshall of eight counts of second degree robbery (§ 211).  The trial court found true that he had 10 prior serious or violent felony convictions qualifying

---

[1]     Statutory references are to the Penal Code.  The CDCR made its recommendation in 2022 pursuant to section 1170.03. Effective June 30, 2022, Assembly Bill No. 200 (Stats. 2022, ch. 58, § 9) renumbered section 1170.03 as section 1172.1, without substantive changes.  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1080, fn. 3.)

him for sentencing under the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), two of which were prior serious felony convictions (§ 667, subd. (a)).  The court also found true but struck for sentencing purposes two prior prison term enhancements (§ 667.5, former subd. (b)).  The court imposed an aggregate sentence of 160 years to life.

This court affirmed Marshall's convictions but remanded for resentencing because the trial court had improperly imposed terms under the Three Strikes law on counts for which no prior strike allegations had been made.  (*People v. Marshall* (Dec. 27, 2001, B146090) [nonpub. opn.].)  On remand, the trial court vacated the original sentence, declined to dismiss any prior strikes, and sentenced Marshall to 92 years to life.  The court again struck the prior prison term enhancements.  This court affirmed the judgment, rejecting Marshall's claim on appeal that the trial court erred in denying his motion to dismiss his prior strikes.  (*People v. Marshall* (Jan. 27, 2003, B159683) [nonpub. opn.].)

In August 2022, the CDCR sent a letter to the superior court recommending that "Marshall's sentence be recalled and that he be resentenced in accordance with [section 1172.1, subdivision (a)(1)]."  In support of the resentencing request, Marshall filed briefs that attached a social history and reentry recommendation report summarizing his in-prison accomplishments (including being a "model student" while successfully pursuing a GED and engaging in vocational training) and his self-improvement programming (including on victim impact and anger management).

In August 2024, the district attorney's office joined the CDCR's recall and resentencing recommendation after Marshall

3

completed additional programming and secured placement in a residential reentry program. The parties jointly requested that Marshall be resentenced to time served, such that he would be immediately eligible for parole after more than 24 years in prison.

At a hearing, the prosecutor advised the superior court that, under section 1172.1, subdivision (b)(2), "the presumption is in favor of resentencing unless we present evidence to the court that he is likely to commit a super strike." Because the prosecutor had "no evidence to support the idea that [Marshall] would commit a super strike, [she had] nothing to present to the court to overcome the presumption in favor of resentencing." Instead, the prosecutor noted that although Marshall, then 64 years old, had been in prison for more than two decades, his prison record was free of any incidents involving violence, fights, gang involvement, or possession of drugs or weapons. The prosecutor further commended Marshall for completing all requested programming and working to earn a GED, earning instructors' praise for his respectful and positive behavior. She also emphasized that Marshall's drug use had been a factor in his prior criminal behavior, but he had achieved and maintained sobriety during his lengthy period of incarceration.

The court rejected the recall and resentencing recommendation, citing Marshall's history of serious felonies and the fact that he was not young when he committed some of the offenses. The court concluded that Marshall "is a threat to society and the court exercises its discretion in declining to resentence" him.

Marshall timely appealed.

4

## DISCUSSION

Under section 1172.1, subdivision (a)(1), upon the recommendation of the CDCR or the district attorney, a superior court may recall the sentence of a defendant committed to state prison and resentence him or her.  A court may then, "in the interest of justice," reduce a defendant's term of imprisonment by modifying the sentence or vacating the defendant's conviction and imposing judgment on any necessarily included lesser offense or lesser related offense.  (§ 1172.1, subd. (a)(3).)  The court must "apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion."  (§ 1172.1, subd. (a)(2).)

When deciding whether to resentence the defendant, the court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.1, subd. (a)(5).)  The court must also consider if the defendant experienced "psychological, physical, or childhood trauma."  (*Ibid*.)  The court must "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1172.1, subd. (a)(7).)

Where the CDCR or district attorney has recommended resentencing, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section

5

1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c), defines an "unreasonable risk of danger to public safety" as "an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c); see *People v. Valencia* (2017) 3 Cal.5th 347, 351.) Known colloquially as "super-strike" offenses, the felonies listed under section 667, subdivision (e)(2)(C)(iv), include sexually violent offenses, sex crimes against children, homicide offenses, solicitation to commit murder, and other serious or violent felony offenses punishable by life imprisonment or death. (See *Valencia*, at p. 351 & fn. 3.)

We review the rejection of a recommendation for recall and resentencing under section 1172.1 for an abuse of discretion. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211.) A court abuses its discretion when it applies the wrong legal standard or bases its decision on express or implied factual findings that are not supported by substantial evidence. (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147; see also *People v. Knoller* (2007) 41 Cal.4th 139, 156.)

Marshall argues the superior court abused its discretion in rejecting the CDCR and district attorney's joint recommendation because the court failed to apply the presumption favoring recall and resentencing under section 1172.1, subdivision (b)(2). He also argues that even if it applied the statutory presumption, the court abused its discretion by rejecting the recommendation to recall and resentence Marshall because the record does not support a finding that Marshall "currently poses an unreasonable risk of danger to public safety," as defined in section 1170.18, subdivision (c).

6

The People agree that remand for resentencing is necessary.  They assert the record suggests the court did not apply the statutory presumption under section 1172.1, subdivision (b)(2).  Further, at oral argument, they argued that because there was no evidence presented from which to conclude Marshall currently poses an unreasonable risk of committing a super-strike offense, the presumption was not overcome.

We accept the People's concessions and remand for recall and resentencing under section 1172.1.

## DISPOSITION

The order rejecting the CDCR and district attorney's recall and resentencing recommendation is reversed.  The matter is remanded, and, consistent with section 1172.1, the superior court is directed to recall Marshall's sentence and the commitment previously ordered and to resentence Marshall in the same manner as if he had not previously been sentenced.

STONE, J.

We concur:

SEGAL, Acting P. J.

FEUER, J.

7